UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WENDY S. MEYER<br>Plaintiff,<br><br>v.<br><br>WELTMAN, WEINBERG &<br>REIS CO., LPA<br>Defendant. | Case No.:<br>Hon. |

## **COMPLAINT**

## **JURISDICTION**

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and violations of the Michigan Regulation of Collection Practices Act.

2. Venue is proper because the acts and transactions occurred in Grand Blanc, Michigan ("here"), Plaintiff was sent court forms to collect a debt, Defendant transacts business here and filed court documents that plaintiff believes violated both Michigan and federal law.

3. Plaintiff Wendy S. Meyer is a natural person who at all relevant times resided in Michigan and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and MCL § 451.251(f).

4. Defendant Weltman, Weinberg & Reis Co., LPA  (hereinafter "Weltman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a regulated person as that term is defined by the MCL § 451.251(g)(xi) because it is a law firm representing a creditor or collection agency in the underlying issue at hand.

## FACTUAL ALLEGATIONS

5. On information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes based upon an alleged debt to Capital One Bank, NA that went into default allegedly purchased or assigned to Defendant and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and MCL § 445.251(a).

6. On or about August 22, 2011 plaintiff received a judgment against Defendant for $18,480.59.

7. On or about August 9, 2013 Defendant filed a Writ of Garnishment asserting that $313.99 in post judgment costs had accrued and the total amount of post judgment payments and credits made to date was 0.00.

8. The costs of $313.99 asserted were not all allowed by law as Michigan law at the time mandated that costs of the kind added not be added to a judgment unless a garnishment had been successful.

9. Part of the $313.99 was for the garnishment filed on August 9, 2013 which means defendant was front-loading costs and asserting that such was due without knowing whether the garnishment would actually be successful.

10. The $313.99 in costs asserted as accrued were made up of at least some costs that had not accrued because the applicable writ of garnishment was not successful.

11. On December 12, 2013, Defendant was sued in putative class action the Western District of Michigan Federal District Court asserting that it had violated the Fair Debt Collection Practices Act by adding costs to judgments that had not accrued.

12. The statute of limitations is tolled as a result of the class action having been certified in the Western District of Michigan.

13. Plaintiff opted-out of the class action settlement in a timely manner.

14. On information and belief, defendant asserted costs in advance of knowing whether the first garnishment would be successful or "hit".

15. M.C.R. 3.101 (R) controls in terms of costs and fees allowed to be assessed in the filing of garnishments.

16. The rule states that, "If the garnishee is not indebted to the defendant, does not hold any property subject to garnishment, and is not the defendant's employer, the plaintiff is not entitled to recover the costs of that garnishment."

17. The representations made in pleadings in 2013 constitute violations of state and federal law because the assertions of costs either contained explicitly in the pleadings or contained in the current balance was false, deceptive and inaccurate.

18. Defendant violated the applicable court rule by asserting the right to costs not having accrued.

19. On information and belief, the 2013 garnishment did not hit.

<u>**CAUSES OF ACTION**</u>
**COUNT I.**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

20. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22. Defendant violated 15 U.S.C. § 1692 e (10) when it's agent falsely represented directly or indirectly to plaintiff that it was entitled to charge more money than that allowed by law.

23. Defendant violated 15 U.S.C. § 1692e(2)(A) because it made a false representation of the amount of the debt allegedly owed by plaintiff.

24. Plaintiff was damaged as a result of Defendant's acts.

25. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.
## VIOLATIONS OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT
## MCL § 445.251 et seq.

27. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

28. Defendant is a regulated person as that term is defined by MCL § 451.251(g)(xi) because it is a collection law firm.

29. Filing a writ of garnishments constitute communications under MCL § 445.251(d) because each and every garnishment conveyed information regarding a debt, directly or indirectly, to a person through any medium.

30. Defendant violated MCL § 445.252(e) because it made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt because it asserted costs not due and owing.

31. Defendant within the Writs of Garnishment made a misrepresentation to plaintiff of the legal rights of the creditor and debtor in violation of MCL § 445.251(f)(ii) because it asserted that certain costs had accrued when in fact they had not according to the court rule.

32. The above violations were willful because defendant collects on these types of debts as a matter of course and 1) on information and belief this matter was implicitly raised by a major creditor in Michigan courts and 2) the violations occurred to many other individuals besides defendant thus they were repeated and not as a result of bona fide error.

33. Plaintiff suffered loss because of defendant's actions.

34. Plaintiff seeks the greater of not less than five times actual damages under MCL § 445.257(2) or $50 per violation or $150 per willful violation of the Michigan Regulation of Collection Practices Act, plus costs and attorney fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray that judgment be entered against Defendant

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages, if any, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiffs;

- for an award of actual damages;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiffs;

- for such other and further relief as may be just and proper.

### COUNT II
### VIOLATION OF THE REGULATION OF COLLECTION PRACTICES ACT MCL 445.251 et. seq.

- for an award of $150.00 in statutory damages pursuant to MCL § 445.257(2)

against Defendants and for Plaintiff;

- for a finding that Defendant committed willful violations of MCL § 445.257(2);

- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL § 445.257(2) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

                            Respectfully submitted,

January 5, 2017                      */s/ Andrew L. Campbell*

                            Andrew L. Campbell
                            1000 Beach St, Suite B
                            Flint, MI 48502
                            (810) 232-4344
                            hundy24@yahoo.com (ECF only)
                            P64391

                            Attorney for Plaintiff